19-2685 from the District of Minnesota, United States v. Antwoyn Spencer, and 19-2691 from the District of Minnesota, United States v. Derrick Spencer. Very well, Mr. Myers, we'll hear from you first. Thank you, Your Honor. May it please the Court, this is Rob Myers, counsel for Appellants Derrick and Antwoyn Spencer. Your Honors, the District Court legally erred when it determined that Derrick and Antwoyn Spencer were legally ineligible for a reduced sentence under the First Step Act. They were convicted both of a dual object conspiracy offense involving at least 50 grams of crack and at least 5 kilograms of cocaine. The District Court reasoned they were ineligible because the statutory penalty ranges for 5 kilograms of cocaine were not modified by the 2010 Fair Sentencing Act. While that is true, they are eligible because the 50 grams of crack, the statutory penalties for that offense, were modified by the Fair Sentencing Act. Under the plain text of the statute, all you need to be to be true to be eligible is that you're convicted of a covered offense, which is a violation of a federal criminal statute, statutory penalties for which were modified by the Fair Sentencing Act. I'm simplifying somewhat. And here, the statutory penalties were modified as both Bravatt held and Winters held. So the District Court committed legal error when it determined that it was without the power to reduce their sentence. And this case should be remanded in the first instance for the District Court to this plain text analysis is to trot out a litany of parade of horribles that if the court does this, then any drug offense, even if it doesn't involve crack, will be eligible for reduction under the First Step Act, which obviously doesn't make any sense. But their parade of horribles does not follow. First, I'll point out it's entirely illusory. The government can't point to a single case where this is true. The government cites the case Medina out of the District of Connecticut. I would invite your honors to read that opinion closely. The District Court there concluded that the defendants there were convicted of the same dual object conspiracy offense. It's not accurate to say that no crack was involved. While there were some issues with the allocution of the plea, the District Court had a direct quote that, apologize, your honors, I don't see the case in front of me, that said something like simply the defendants were convicted of a conspiracy offense involving at least in part 50 grams of crack cocaine, and therefore they are eligible, again, under the plain text analysis. So the parade of horribles that the government presents are illusory. They have not materialized. Moreover, they wouldn't work anyway because subsection B of section 404 says that a District of Connecticut Act had been in effect. The Fair Sentencing Act only changed penalties for crack cocaine offenses. So if a defendant petitioned a court for a reduction based on a drug that was not crack cocaine, the District Court wouldn't be able to reduce the sentence anyways. Moreover, the primary authority the government cites for its position, Jones out of the 11th Circuit, doesn't even go along with the government's argument. The government's argument in its brief, I learned about five minutes before oral argument in a 20 second conversation that the government's position has substantially changed. I don't want to characterize how it's changed. I'll let the government speak for itself because we had so little time to talk about it. But the premise of the government's argument is that the penalties clause modifies violation of a federal criminal statute, and that this incorporates a conduct analysis. No court of appeals has gone along with this. Even Jones held that you don't look at offense conduct. While it did conclude that the penalties clause modified the phrase violation of a federal criminal statute, it held that that phrase is properly interpreted as the offense writ large, not the conduct specifically underlying the offense. Moreover, Jones held that the limitations in 404B are controlling, which would defeat the government's parade of horribles in any event. So under the plain text of the act, the defendants here are eligible. Mr. Myers, what are at the second step, if in fact your clients are eligible and it would go back on the discretionary review by a district court. In your view, would there be statutory limitations at that point for the district court in providing relief for either one or both? Yes, your honor. So let's get concrete. The district court in its discretion could reduce sentences, but its reduction would be limited by applicable statutory minimums on the offenses. So in Derek Spencer's case, Derek was convicted of three counts, the dual object conspiracy, and then two cocaine only counts. And the mandatory minimum because of 851 on his dual object conspiracy is 20 years. And that's because of the powder. Are you, your position is that the powder cocaine portion of that conviction remains? Correct. As 20 years? Yep. And this is just a specific example. So the principle generalizes. If you have a defendant who has, let's say, 10 counts of conviction and five of those counts involve various mandatory minimum, the district court cannot reduce the sentence below otherwise applicable mandatory minimums. So there is, of course, I'm not claiming that once you're eligible, you know, it's whatever the district court wants to do. No, it's still subject to, you know, applicable mandatory minimum. So Derek Spencer's sentence could not be reduced to lower than 20 years. The government articulates that in its supplemental brief. I, well, I don't agree quite with how the government phrases it. We both come down at the same place. We both agree that the sentence reduction would be capped at a maximum of 20 years. And in Antoine Spencer's case, I believe the mandatory minimum is 10 years. He's already served more than that. So he would be eligible for a reduction to time served, but had he served less than 10 years, the reduction would be capped to 10 years. Mr. Myers, a couple of questions. First of all, you mentioned U.S. v. Jones from the 11th Circuit. Do you disagree with Jones? And do you think that our court is free to adopt the reasoning of Jones? I do disagree with portions of Jones. I was, and if you want, we can explore those areas of disagreement. But I was more pointing out that even Jones, the primary authority that the government cites does not adopt its position because the government's position is predicated on conduct. I understood your point there. I was just asking, given that Jones doesn't preclude relief for your client and the 11th Circuit has this case, Taylor, that seems to agree with your position on this appeal, notwithstanding Jones, what would be wrong with adopting Jones and saying that the phrase violation of a federal statute is the operative clause in 404? So I agree, Your Honor. Relief for my client is not conditioned upon rejecting Jones, as I believe Taylor was cited in the Winters case that I recently 20HA'd. So this court, as an intellectual matter, this court could adopt the reasoning, I think, of Jones and provide relief to my clients and reverse the district court's decision. I have quibbles with Jones because, of course, Jones has things to say about other cases. I don't agree with Jones's characterization of eligibility analysis of 841b1c offenses, which of course is not before us. It's not presented by this case. I guess the other thing that I would say, I'm sorry, go ahead. Go ahead. Finish your thought and then follow up. As a practical matter, I think that this court is currently precluded from adopting Jones because I think that Jones runs counter to McDonald. Why do you say that? McDonald says that the statute refers to offenses, not conduct. But I thought you just said that Jones rejects the government's position that the statute applies to conduct and didn't accept their position, for example, that you look at the sentencing guideline calculations to McDonald. I suppose you could because McDonald doesn't get into... Your Honor is correct that McDonald's statement is broader and it says the First Step Act applies to offenses, not conduct, which of course Jones agrees with, and it is McDonald's statute of conviction that determines his eligibility of relief. So McDonald doesn't opine precisely on whether the statutory penalties clause applies to federal criminal statute or violation of a while. It doesn't explicitly address it. The concern I have about going the other way on that is that you just said, well, it would be absurd to say that the statute applies to cases, to crimes that don't involve crack cocaine. I believe you said that earlier. Yeah, I agree with that. Nobody would argue that. But if you take the 404 interpretation that says we're only looking at the offense, meaning 841A1, that includes all drug offenses. Right. But I guess my rejoinder would be that under 404 Section B, the limitation there would preclude relief for all drug offenses. And I think that the problem that... I think Jones identifies an illusory problem. Jones says, hey, if we don't interpret it this way, then all drug offenses can count. That was the government's argument here. And the one case the government offered, frankly, I don't think says what the government says it says. I mean, the court there, the Medina case, says that he was convicted of a dual object conspiracy, and his conviction was based at least in part on crack cocaine. So I think that the which also identifies it as a potential problem. Smith leaves it for another day because it's not squarely presented by the case, right? So I mean, Jones is one way to read it. I think the reasonable referent canon would dictate that it would be federal criminal statute. I also think interpreting it as violation of a federal criminal statute runs into problems because the next clause, the penalties clause, the statutory penalties for which were modified by the Fair Sentencing Act, well, that runs into problems because it uses the past tense. And of course, the Fair Sentencing Act was not retroactive. Jones acknowledges that it runs into that problem and it says, essentially, well, we think for these other reasons, we're going to go with this interpretation. But I think Jones is an outlier in how it reads what the penalties clause refers to. Okay, thank you for that. I had one other on a separate topic on this question of what happens on a remand. Are you familiar with this Tenth Circuit decision, U.S. v. Manny, M-A-N-N-I-E? I'm not here. Okay, well, this case holds that when a defendant has a crack cocaine sentence that's concurrent to another drug sentence, and the crack cocaine sentence is a covered offense, but the other one is not covered, that the defendant doesn't have standing to pursue a motion under the Fair Sentencing Act because the court can't give any relief when the non-covered offense is fully concurrent and cannot be reduced. I guess if you haven't read the case, you're not in a great position to comment on it, but it seemed to me it would apply to Anton Spencer's case if we agreed with it because he has the concurrent 324-month sentence, as I understand it, for a non-covered offense. Right, for count 4. We might have to deal with this standing question if you have any first reaction to that. So, I think that standing is an interesting lens to which to view that. I haven't read the case, but I guess generally that strikes me as incorrect. Under the Sentencing Package Doctrine, district court has the discretion to reduce sentences on other counts when a sentence on a particular count is changed, and here I'd note that Anton Spencer's two drug counts, the one that provides the fully concurrent sentence, were grouped at sentencing. They were grouped for guidelines purposes. That shows that the sentences are interrelated, intertwined, and of course, this gets back to Section 3D of the guidelines, which tasks the district court with arriving at a sentence that provides a total punishment. So, if you read the various provisions of 3D carefully, the district court is supposed to craft essentially a total punishment for what they think the defendant's culpability is, and then apportion that total punishment among the various counts of conviction, observing rules about minimums and maximums and things like that. And there are many cases holding that you can reduce sentences on non-covered offenses if you have a covered offense conviction. So, it strikes me as wrong, and it strikes me as an interesting way to sort of loop the concurrent sentence doctrine into standing, which is, I've never seen that done before, but under the concurrent sentence doctrine is sharply limited. If there's any prejudicial impact from another sentence, then, and the concurrent sentence doctrine is also discretionary with the district court, right? Both of these doctrines, concurrent sentence and the sentencing package doctrine are discretionary. So, I guess those are pretty much, yeah, those are my thoughts. Thank you, Your Honor. Inspired, and we'll hear from Mr. Cheever. Thank you, Your Honor. Mike Cheever on behalf of the United States. I, like Mr. Myers here, I handled the vast majority of these Section 404 cases in the I usually welcome questions jumping right in, but I would ask the court's indulgence for a couple minutes. I think I can save some time in the long run. There's a point I want to make about the context we're in, and then I want to explain which side of my mouth I'm speaking out of with this new position that I'm taking. As to the context, we're at the tail end of these cases. I understand the court may see a few more, but in terms of offering guidance to us, my drawer is empty, and I think Mr. Myers's is, too. And I know this, and this is the point I really want to make. I know that there's none coming, or I'm pretty certain of it, other than two defendants who didn't want to make motions, because we went out and looked. The Sentencing Commission looked. The District Court and the Probation Office looked. Mr. Myers looked. I looked. And we erred on the side of finding potentially eligible defendants. And I tell you that behind the curtain because I'm proud of that effort. And the tip of the spear on that effort, the entire spearhead of that effort was Mr. Myers, who was contacting all of these people and offering his services, and it was a lot of work. So I just wanted to give him that tail end. As to the government's position, my briefs were filed over a year ago and then last July. That was my position at the time. That was the DOJ position at the time. The Department of Justice came out with some new guidance to adopt and work within the position that this court took in Banks and that every other court almost took except for Jones. Their position lines up with Jones. And in terms of which side of my mouth I'm going to speak out of, I have my own concerns with this court with telling this court that the offense of conviction is anything other than 846. That's my own problem. So I'm speaking from the DOJ perspective just to be clear on that. The DOJ perspective adopts what McDonald and Banks say, and it's also consistent with what Mr. Myers says at page 33 of his brief. If I can read that, I think we'll cut down to the narrative. I don't file something that says what the government's position is. You know, Judge, I looked at that new guidance oral argument and saying the DOJ's put out guidance and my briefs are outdated, and how are we supposed to know what the government's position is? I apologize, Your Honor. I didn't read that new guidance until preparing for this argument, and I didn't understand it. Frankly, I still struggle with it until yesterday. Yesterday, we got a hold of two attorneys at DOJ that are in charge of this. One of them is drafting the Supreme Court case dealing with First Step Act and Section 841A1C. That's not an excuse, but it is an answer. I didn't have the time. I figured this out literally yesterday and last evening. That's despite reading all these cases. And so I understand that's not fair to Mr. Myers. I understand that's a waste of your time. To the extent I can finish early, I welcome Mr. Myers. I'm not going to take the time that remains because I don't have that much. What's the government's position? The government's position is consistent with this. The Spencers were convicted of violating 21 U.S.C. Section 846 and then sentenced under those two statutory provisions, sub 2 and sub 3. When you look at the Section 404A, it's the Jones view that the statute that was violated and it views it as the statute that I just read, including the sub 2 and the sub 3, the crack and the powder positions. Once you're there, it takes a categorical approach. We're looking at a statute and everybody who's convicted of that statute should be treated the same way, which is as not eligible because those defendants would not be eligible under the powder prong. The statutory text we tie this to is the words that follow the violation of the federal criminal statute, the statutory penalties for which were modified by the Fair Sentencing Act, and penalties we read to be all the penalties, crack and powder penalties, and all the penalties were not modified by the Fair Sentencing Act. That's the government's position in a nutshell. What's the government's position on whether the spencers are eligible? They're not for that reason. The violation they committed, violation of 846 and sub 2 and sub 3, the penalties for that violation were not modified by the Fair Sentencing Act. You may agree or disagree with it. It turns on penalties, but that is, I think, the best argument. I think it's a strong argument. It follows, to some extent, the Second Circuit decision. Mr. Myers properly brought to the court's attention, Winters and Gravatt, those are the same. That's one take on it. The government's take is followed in a case called Lott. It's an unpublished decision from the Second Circuit that follows a published decision. I'm going to cite the unpublished decision, United States v. Lott, L-O-T-T, 830 Fed Appendix 365. In there, it cites to the published opinion of ambassadorship, which in these same facts, it finds the defendants were not eligible. It does it in a weird way. Counsel, let me interrupt you. I thought Lott was a triple object conspiracy. It is, but you're right. It doesn't matter. Does it matter that it's a and particularly in that case where I think it was just an undefined amount of marijuana, but enough of the other two drugs to trigger the B1A part. Really, the B1C wasn't driving anything in that case. Proceed. Go ahead. I'm glad you're familiar with it. It cites Ebersherry, which I want to warn you against. The court treats it as if it's the same case we're looking at here, but the sentences in that case was 120 months, the statutory minimum, and the defendants were not eligible for that reason. That case has been distinguished by a Southern District of New York District Court case, but it was adopted by Lott, which applies our facts. That's the one authority I can point you toward. The issues are pending with the Third Circuit and other circuits, and as I mentioned, the Supreme Court's taking up a related issue. I wanted to address... The Supreme Court case. The Supreme Court case is Terry, sorry, Terry, T-E-R-R-Y. All right, and your best case is Lott from the Second Circuit, and that was not cited in any of the briefs. No, it's a December case. Well, it's two months to go. I just don't understand. This case has been on the calendar now for several months, and why the government can't tell us the position before the day of the oral argument and give us the statutory interpretation that you're advocating, I don't understand, but... I couldn't give you the statutory... I understand because I didn't have it, but that's no excuse for not citing Lott. I didn't understand you to say the department just issued the guidance yesterday. No. You're right to criticize the government. The government should have done better in this case. I apologize. My answer is not an excuse. It's just the reason why I didn't do it in this case. Well, I'm just trying to figure out how we're going to even articulate the government's position here if it isn't in your briefs. I'm happy to follow up with a Rule 28J letter if that's what the court would like. Well, we'll put out an order if we want to order anything. Okay, I appreciate that, Your Honor. I wanted to address... Your lawyer would just do it on his own initiative, I think, if the government was changing the position they took in the briefs. Your point is well taken, Your Honor, and I certainly have followed that practice in the past. I wanted to address the court's question on Manny. I'm not familiar with that case either, but I agree with Mr. Myers on the result. The government is frequently in this position of seeking an unbundling of statutes, and we've never taken the position that you don't have standing to do that. When one statute, Bailey is the Supreme Court case I'm thinking of, which took out 924C, and then there would be drug cases or other things that were related. We talked about sending it back to re-sentence higher to account for the higher guidelines. The same goes the other way in the Department of Justice almost from the beginning. My position from the beginning in the Department of Justice's position is, if you're eligible on count one, Antoine is eligible on count four if the district court finds that those were related, and they almost certainly were here. The crack drove the train in this case, and we would urge the court to exercise jurisdiction, exercise its discretion, but we do need to proceed. Before you opine, you might want to consider the opinion in Manny and what the government filed in that case. Yeah, fair enough. I'm stating the position that we're taking around the country on that issue, and so apparently we took a different one in the 10th Circuit. Well, I don't know what position the government took. I just have the opinion of the court. Right. What makes you think the government around the country is saying there is standing in cases where the defendant has a concurrent sentence that's the same as the covered offense sentence? Well, I took that position in this very case, Your Honor, and it does follow. You just told me that's the position the government's taking all around the country. It is, Your Honor. How do you know that? Department of Justice, they put out some guidance right away. These defendants were eligible for immediate release, some of them right away, and so they responded really quickly with some guidance. That guidance took the opposite position on that. I thought it was wrong, and about a month later, the Department of Justice changed it to the position I've stated. That's the position around the country, and it's helpful that we have that guidance so that I can tell you with some certainty that that's the government's position around the country. I don't know if you're focused on this concurrent sentence issue. It's a very narrow point. It was a critical issue in this very case. I mean, we wouldn't be here if getting the one under any of your theories. I'm the relative inexperienced compared to the other two judges here, but under any of your theories, does Antoine get relief under all of them? The government's position, any of the government's position, he does not get relief. The government's position is that this case is not, this offense, this violation is not one for which the defendant is eligible. It's not a covered offense when you look at both pieces of the penalty. So ignore your brief on that point, right? Yes. I thought you said your brief. Yes, I did. Okay, thank you. I don't want to fight with the court's position that you've taken, and I see the frustration for the judge. I hope you will bear with me for one more point. There's a mistake that the Sixth Circuit makes and that Mr. Myers makes in his brief that I just don't want the court to make, and that is confusing a single-object, dual-object conspiracy with single conspiracy or multiple conspiracies. Those are two different things. That is to say, the government could not have charged in this case a separate conspiracy for just powder or and a separate conspiracy for just crack. That would violate exactly what this court addressed in the direct appeal. It would have been duplicitous. We don't give them two separate crimes for that. That's because of the facts of this case. They conspired together one single conspiracy to deal two drugs. There are other cases where it's more of a spoke and wheels, a hub where those are multiple conspiracies. It's a sticky area of law, but I don't want you to think that we could have charged this the way Mr. Myers suggests as two crimes. We can't do that. We could if the facts bore it out, but they didn't bear it out here. We could have charged just one or the other, but we could not have charged two. That's the last point I wanted to make. I appreciate the court bearing with me. I apologize to the court and to Mr. Myers for the late notice and my coming to this position extremely late in the game. I appreciate the court hearing us out. Mr. Myers, we'll hear from you in rebuttal. Thank you, Your Honor. Just one brief point. Let's assume for the sake of argument that Mr. Chief is right about the conspiracy point and the government can't charge it out. The point that I was trying to make is that you shouldn't let government charging decisions control eligibility. Let's assume the government can't charge a conspiracy for coke and a conspiracy for crack. The government could have charged two substantive counts, or in other cases it could, where they actually have a controlled buy, distribution of coke, distribution of crack. In that scenario, the defendant there would be eligible because even under the government's theory, the penalties means all the penalties under the lock case. My larger point still remains that finding them ineligible here would allow the government to control eligibility decisions through how it charges cases. And as courts have remarked, the eligibility under the first step act can't be so fickle. Unless the court has any questions, I will stop. Very well. The case is submitted.